RENDERED: APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1439-MR

ROBERT A. BAGWELL, JR.                  APPELLANT

               APPEAL FROM WARREN CIRCUIT COURT
v.                HONORABLE JOHN R. GRISE, JUDGE
               ACTION NO. 17-CR-00825

COMMONWEALTH OF KENTUCKY            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Robert A. Bagwell, Jr., *pro se*, appeals from an order

denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion in which

he alleged ineffective assistance of counsel. Appellant claims that the trial court

should have vacated his sentence, or in the alternative, granted him a hearing on his motion. We find no error and affirm.[1]

## FACTS AND PROCEDURAL HISTORY

On January 25, 2017, Appellant was indicted on a single count of first-degree sexual abuse.[2] It was alleged that he made sexual contact with a family member who was incapable of consent. The Commonwealth indicated that DNA testing was being done and that additional and more severe charges might be brought at a later date. In August of 2017, Appellant's trial counsel informed the court that Appellant and the Commonwealth had reached a plea agreement. Appellant agreed to plead guilty to first-degree rape[3] and the Commonwealth would recommend a fifteen-year sentence. In exchange for the plea agreement, the Commonwealth agreed not to pursue first-degree sodomy[4] and incest[5] charges.

On August 16, 2017, Appellant entered his guilty plea pursuant to the agreement. He stated during his plea colloquy that he was satisfied with the plea

---

[1] We note that Appellant's brief does not comply with the requirements set forth in Kentucky Rules of Civil Procedure (CR) 76.12. When this happens, this Court may ignore the deficiencies or strike the brief. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). We choose to ignore the deficiencies in the brief and review the case on the merits.

[2] Kentucky Revised Statutes (KRS) 510.110.

[3] KRS 510.040.

[4] KRS 510.070.

[5] KRS 530.020.

agreement and his counsel's performance. The trial court questioned Appellant extensively about his decision to plead guilty. Around a month after entry of the guilty plea, and before final sentencing, Appellant sent a hand-written letter to the trial judge indicating that he wished to withdraw his guilty plea because he believed he had been coerced into pleading guilty by his trial counsel. In this letter, he detailed a graphic alternate scenario in which he admitted to sexual abuse, but denied rape. We note that the events he described in the letter would also have been sufficient to prove the sodomy and incest charges.

On September 26, 2017, the date of sentencing, the trial court questioned Appellant regarding his motion to withdraw his guilty plea. Appellant indicated that after additional discussions with trial counsel, he wished to keep the plea agreement and withdraw his motion. Appellant stated that the statements made in the hand-written motion were false and his statements made during his plea colloquy were true. The court questioned Appellant about his motion and his wish to keep the plea agreement. The court then imposed the fifteen-year sentence.

On July 27, 2018, Appellant filed another hand-written motion to withdraw his guilty plea. Some of the arguments made in that motion were in regard to ineffective assistance of counsel. The court ultimately held that Appellant had entered the plea knowingly and voluntarily and denied the motion. No appeal was taken.

On September 16, 2019, Appellant, *pro se*, filed the underlying RCr

11.42 motion alleging ineffective assistance of counsel. On October 5, 2020, the

trial court denied the motion without an evidentiary hearing. This appeal followed.

## **ANALYSIS**

To prevail on a claim of ineffective assistance of counsel, Appellant

must show two things:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment. Second, the defendant must show
> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d

674 (1984). "[T]he proper standard for attorney performance is that of reasonably

effective assistance." *Id.*

> An error by counsel, even if professionally
> unreasonable, does not warrant setting aside the
> judgment of a criminal proceeding if the error had no
> effect on the judgment. The purpose of the Sixth
> Amendment guarantee of counsel is to ensure that a
> defendant has the assistance necessary to justify reliance
> on the outcome of the proceeding. Accordingly, any
> deficiencies in counsel's performance must be prejudicial
> to the defense in order to constitute ineffective assistance
> under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 1066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2068. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065 (citations omitted).

In addition, because this case revolves around a guilty plea, we must examine this issue a little differently.

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

> Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." While "[s]olemn declarations in open court carry a strong presumption of verity," "the validity of a guilty plea is not determined by reference to some magic incantation recited at the time it is taken[.]" The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won" and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial," the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

On appeal, Appellant argues that counsel was ineffective for failing to investigate Mr. Hullet, a prosecution witness who allegedly witnessed Appellant's illegal actions. He also claims counsel was ineffective for failing to suppress incriminating statements he made to the police and for failing to get Appellant a psychiatric evaluation.

We do not believe Appellant has met the burden of proving ineffective assistance of counsel. Had Appellant gone to trial, the Commonwealth indicated it would charge him with first-degree rape, first-degree sodomy, and incest. The maximum possible penalty had he been found guilty would have been sixty years in prison. If we were to believe the alternate version of the incident that Appellant indicated occurred in his letter to the trial court, that he was only guilty of first-degree sexual abuse, first-degree sodomy, and incest, the maximum penalty he would have faced would be forty-five years in prison. As it stands, Appellant pleaded guilty to first-degree rape and received a sentence of fifteen years. This plea agreement was clearly to Appellant's benefit.

In addition, Appellant stated on the record on two separate occasions that he was guilty of first-degree rape. He was questioned thoroughly by the trial court on those two occasions and the court believed Appellant was entering his plea knowingly, intelligently, and voluntarily. Also, Appellant indicated he

understood the consequences of his guilty plea on both of the occasions he was questioned by the court. Furthermore, Appellant's trial counsel indicated she had explained the situation to Appellant and that he understood the consequences of his guilty plea. Finally, the trial court stated that, even though Appellant indicated he had some mental issues, he appeared lucid and competent.

We also note that Appellant had two different trial attorneys. The first attorney represented him through his guilty plea. The second attorney represented him at his sentencing. During the sentencing hearing, Appellant indicated that his second attorney had explained things to him more thoroughly than his first counsel and that is why he chose to abandon his motion to withdraw his guilty plea and continue with his sentencing pursuant to the plea. Appellant does not raise ineffective assistance of counsel issues concerning the second attorney. Appellant could have attempted to withdraw his guilty plea while being represented by his second attorney, but chose not to and told the court that he was content with his plea agreement.

### **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court. We believe Appellant had effective trial counsel, that the court did not need to hold an evidentiary hearing, and that Appellant benefitted from his guilty plea.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert A. Bagwell, Jr., *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky